JUAN BAUTISTA SERRANO, Plaintiff and Appellee, *v.* CARMEN ROCA DE COY ET AL., Defendants and Appellants.

No. 5408.   Argued June 22, 1931.—Decided June 16, 1932.
Rehearing denied July 15, 1932.

*E. Rincón, Emilio S. Belaval,* and *L. Muñoz Morales* for appellants. *Pellón & Ayuso* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This is the suit of Juan Bautista Serrano, who sets up that he is the residuary devisee or has the ultimate ownership (*en nuda propiedad*) of the estate of Magdalena Coy Tizol, who died on the 18th of April, 1925. She left no ascendants or descendants, and hence had the absolute free disposition of her property.

In the course of the trial it transpired that two of the sisters of Mrs. Coy Tizol are the usufructuaries and in possession of the property claimed by Juan Bautista Serrano, but they are not involved in this suit. The controversy in this case turns exclusively on the interpretation to be put upon the ninth clause of the will of Mrs. Coy Tizol. Under the seventh clause the testatrix gave all her personal property to her three sisters, Concepción, Inés, and Salvadora,

and to her foster child, Juan Bautista Serrano. Under the eighth clause she gave to Juan Bautista Serrano a house on Allen Street. Under the tenth clause she imposed upon her usufructuary heirs the obligation of paying all the current obligations which fell due upon the property devised. The ninth clause of the will is as follows:

"As to the remainder of her property, rights, and actions she makes and appoints as her usufructuary heirs, in equal shares and with the right of accretion as among themselves, her legitimate sisters Concepción, Inés, and Salvadora, and brother Luis Coy Tizol, it being her will that at the death of the last of them all the remainder of her property, rights, and actions shall pass, in full and absolute dominion, to her aforesaid foster son Juan Bautista Serrano and to her nephew Salvador Coy Guerra who consequently are hereby and for that purpose appointed as her heirs, likewise in equal shares, without condition, and with the right of accretion as between themselves, should they die without legitimate descendants."

We gather from the record that Concepción and Luis Coy Tizol died, and the two remaining usufructuaries are Inés and Salvadora.

Salvador Coy Guerra, the nephew of the testatrix, died without leaving any descendants but he did leave a mother and a wife, defendants in this case. These two persons are the heirs of Salvador Coy Guerra. They obtained a declaration of heirship, made a partition and caused certain records to be made in the registry of property definitely belonging to Salvador Coy Guerra and also of the property involved in this suit, or rather of the proportion which they maintained belonged to their predecessor.

The plaintiff maintains that under the will he is the sole residuary devisee, inasmuch as Salvador Coy Guerra died without descendants. The court held in his favor.

The court cited various decisions of the Supreme Court of Spain to the effect that the law to be followed in such a case as this is the will of the testator. This is the universal rule. The appellants do not question this general principle,

but maintain that the intention of the testatrix was clearly an equal division of the residuary estate between Juan Bautista Serrano and Salvador Coy Guerra. They likewise maintain that the words "with the right of accretion" (*derecho de acrecer*) must be taken in their ordinary legal sense as used in the Civil Code of Puerto Rico. In this connection the Civil Code provides:

"Sec. 948. In legitimate successions the portion of the person who repudiated the inheritance shall always accrue to the coheirs.

"Sec. 949. In order that a testamentary succession in the right of accretion may take place it is necessary:

"1. That two or more persons are designated to the same inheritance or to the same portion thereof without a special designation of shares.

"2. That one of the persons designated dies before the testator or renounces the inheritance or is disqualified to receive it."

The appellants maintain that hereunder the right of accretion can be invoked by a survivor only when one of the persons from whom the accretion is claimed refuses the devise, can not take it, or dies before the testator. In this case, as we have seen, Salvador Coy Guerra, under whom the appellants claim, died after the testatrix.

We are aware, of course, of the general principle that when a technical word is used it should normally be understood in the sense that it is customarily employed. There is a certain amount of plausibility in the argument of the appellants that the words "with the right of accretion" are to have their ordinary, usual, and customary sense as employed in the Civil Code.

An examination, however, of the will itself convinces us that the testatrix consciously used the words not in their technical sense but differently. The word "*acrecer*" would, outside of the Civil Code, necessarily mean an increase or accrual, and that is the way the words are used in the will. The right of accretion which was to belong to either of the residuary devises was granted, at least nominally if the other died

without descendants. Hardly could it be said that the testatrix had in mind the death of one of these persons before she herself died. In other words, it is plain, we think, that the testatrix had in mind the death of either of the two persons named at any time without descendants. They were two men evidently considerably younger than the testatrix, and she must be held to have contemplated their dying with or without descendants for quite a long time after her death. If Salvador Coy Guerra had died having left a child ten years after the death of the testatrix, Juan Bautista Serrano would have no claim to accretion. His part of the property would have definitely vested in Salvador Coy Guerra or his line if he had a child at the time of his own death. Moreover, the word "*acrecer*" is used twice in the ninth clause. The usufructuaries also have the right of accretion among themselves, as specifically expressed by the testatrix. Of course this would be true even if the testatrix had not so expressed it; but the earlier use of the word "*acrecer*" has some force. It may readily be deduced that the testatrix intended to preserve her property in the hands of the natural objects of her bounty, her brother and sisters, (brethren), her foster child, and her nephew.

It makes no difference that the will says that the property is given to Juan Bautista Serrano and Salvador Coy Guerra "in full and absolute dominion" and "without condition," inasmuch as these words were applicable to the joint estate so created. These unlimited words may be taken to apply to the institution of the heirs established and to exclude the claims of anybody else once the estate vested in them. We think from the words themselves of the will that the intention of the testatrix was clearly to have Juan Bautista Serrano succeed to the absolute property in case Salvador Coy Guerra died without descendants, and viceversa. Under these circumstances, we feel bound to hold that section 949 of the Civil Code only covers cases where a will is silent on the subject but does not apply where the intention of the testator in using

the words is clearly different from the literal wording of the Civil Code.

The judgment should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.

ON MOTION FOR REHEARING

July 15, 1932.

MR. JUSTICE WOLF delivered the opinion of the Court.

We have examined the motion for reconsideration on the merits and see no reason to change our original opinion.

The appellants, however, draw our attention to the fact that we failed to discuss the assignment of error relating to costs. While it is true that in our opinion we said that the appellants presented some plausible reasoning in favor of their position, nevertheless, we had no doubt and have no doubt that the ordinary reading of the clause of the will in question would have carried the conviction that the intention of the testatrix was clear that the two beneficiaries ultimately named should each have the right to succeed to the title of the other if one of them died without descendants. In *Smith* v. *Bell*, 6 Pet. U. S. 68, Chief Justice Marshall said: "The first great rule in the exposition of wills to which all other rules must bend is that the intention of the testator expressed in his will should prevail provided it be consistent with the rules of law." *Dicat testator et erit lex.*

We realize that the appellants insist that the expressions of the clause in question should be interpreted in accordance with the rules laid down in the Civil Code for accretion, but as we have held in this case, the rule that the will of the testator must prevail is so strong, that we think the district court was justified in using its discretion in imposing the costs.

We did not hold in *Nevares et al.* v. *Nevares Bros.*, 37 P.R.R. 796, that the existence of a debatable question would always exonerate a party from the payment of costs. A skill-

648

ful lawyer can very frequently raise strong doubts, and costs with difficulty could be imposed.

The motion for reconsideration will be overruled.